WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ewing Redmond Samuels,

    Petitioner,

v.

Charles L Ryan, et al.,

    Respondents.

No. CV-19-02754-PHX-ROS (ESW)

**ORDER**

The Court has reviewed Petitioner's "Motion for Appointment of Advisory Counsel" (Doc. 21).

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A (a) (2) (B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered both elements, Petitioner has not shown that the interests of justice require the appointment of counsel in this case. Petitioner has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Petitioner's filings with the Court indicate that Petitioner is capable of navigating this proceeding and presenting cogent arguments to the Court. Petitioner is in a position no different than many pro se prisoner litigants. Should the Court determine that an evidentiary hearing in this matter is required or counsel is necessary for the effective utilization of discovery procedures, counsel may be appointed. *See* Rules 6(a) and 8(c), 28 U.S.C. foll. § 2254. Petitioner's Motion (Doc. 21) will be denied.

The Court also has reviewed Petitioner's "Motion for Federal Investigation into the Death of Royce Emmett Walker" (Doc. 22), which is construed as a motion for discovery.

Although a habeas proceeding is a civil suit, a habeas petitioner "does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999); *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (stating that unlike other civil litigants, a habeas corpus petitioner is not entitled to broad discovery). A court considering a habeas corpus petition is ordinarily limited to the state court record. *See Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). Yet under Rule 6(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, a court may grant a habeas petitioner's discovery request upon a showing of good cause. *Bracy*, 520 U.S. at 904. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id*. at 908-09. The Ninth Circuit Court of Appeals has advised that courts "should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court for the Northern Dist. Of California*, 98 F.3d

1102, 1106 (9th Cir. 1996). The Court does not find good cause to allow Petitioner to conduct discovery. Accordingly, Petitioner's Motion (Doc. 22) will be denied.

Based on the foregoing,

**IT IS ORDERED** denying Petitioner's "Motion for Appointment of Advisory Counsel" (Doc. 21).

**IT IS FURTHER ORDERED** denying Petitioner's "Motion for Federal Investigation into the Death of Royce Emmett Walker" (Doc. 22).

Dated this 26th day of September, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge