**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ewing Redmond Samuels, | No. CV-19-02754-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Magistrate Judge Eileen S. Willet recommends Petitioner Ewing Redmond Samuels' petition for writ of habeas corpus be denied. (Doc. 30). Petitioner filed objections as well as two separate documents titled "Motion for Relief," apparently containing additional objections. (Doc. 31, 32, 35). Respondents then filed a reply, attempting to respond to Petitioner's objections. (Doc. 36). Upon review, the Magistrate Judge's recommendation is correct and the petition will be denied.

## BACKGROUND

The factual and procedural history regarding Petitioner's convictions are undisputed but a brief overview is necessary to understand the nature of Petitioner's objections. After a jury trial, Petitioner was convicted in state court of two counts of aggravated assault and one count of unlawful imprisonment. Petitioner was sentenced to a total of 7.5 years' imprisonment. Petitioner filed a direct appeal.

On February 7, 2018, Petitioner's appellate counsel filed an *Anders* brief stating he had searched the record but was unable to find an "arguable question of law that [was] not

frivolous." (Doc. 5-1 at 12). The next day, the court of appeals gave Petitioner until March 20, 2018, to file a pro se supplemental brief. (Doc. 25-1 at 218). Instead of filing a supplemental brief, Petitioner filed a series of motions complaining about his counsel.

On February 20, 2018, Petitioner filed three motions with the court of appeals: a "Motion Objecting to *Anders* Brief"; a "Motion for Stay Pending Preparation of All Records on Appeal"; and a "Motion for the Appointment of New Counsel." (Doc. 25-1 at 218). On February 26, 2018, the court of appeals denied those motions but extended the time for Petitioner to file his supplemental brief until March 30, 2018. Petitioner again chose to file motions instead of a supplemental brief. On March 23, 2018, Petitioner filed a "Motion to Strike *Anders* Brief and Dismiss Unlawfully Appointed Counsel with Irreconcilable Conflict of Interest and Appoint Direct Appeal Counsel." And on March 30, 2018, Petitioner filed a "Motion to Supplement the Record on Appeal and Request to Extend Time to File Supplemental Brief Until the Record is Supplemented." Those motions were denied on April 5, 2018, and April 11, 2018.

On April 24, 2018, Petitioner filed a "Motion for Reconsideration" and a "Notice of Record." (Doc. 25-1 at 149). The Motion for Reconsideration, although not entirely clear, seemed to argue Petitioner had been denied counsel "for an extended period of time" and Petitioner requested an unidentified additional amount of time to file a supplemental brief. (Doc. 25-1 at 151). The "Notice of Record" presented a list of issues Petitioner wished to have reviewed. Many of the listed issues, however, contained no meaningful identification of the issue Petitioner planned to argue. For example, one issue stated, in its entirety: "The trial judge committed an error of law in the process of reaching a discretionary conclusion, abusing the court's discretion. State v. Francis, 222 Ariz at 426, 215 P.3d at 400." (Doc. 35 at 15). The court of appeals denied the "Motion for Reconsideration" on May 14, 2018 but took no action regarding the "Notice of Record."

On June 8, 2018, Petitioner filed a document with the Arizona Supreme Court titled "Petition for Review." (Doc. 25-1 at 201). That document argued the court of appeals should have granted Petitioner more time to file his pro se supplemental brief. Petitioner

1
2
3
4
5
6
7

attached his "Direct Appeal Supplemental Brief" to his filing in the Arizona Supreme Court. (Doc. 25-1 at 205). The Arizona Supreme Court did not take immediate action on the petition for review. But the brief that Petitioner attached to his Arizona Supreme Court filing was not filed with the Arizona Court of Appeals. On August 16, 2018, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 5-1 at 18). In doing so, the court of appeals noted Petitioner had not filed a supplemental brief. The court of appeals' decision prompted Petitioner to file yet more motions with that court.

8
9
10
11
12
13
14
15
16

On August 31, 2018, Petitioner filed another "Motion for Reconsideration" and on September 10, 2018, Petitioner filed a "Motion Requesting Permission to Amend Motion for Reconsideration." (Doc. 25-1 at 158). It appears Petitioner wished to make minor changes to the text of his August 31 motion and include additional attachments. (Doc. 25-1 at 159). One of the proposed additional attachments was a document titled "Issues for Appellate Review." (Doc. 25-1 at 170). That document consisted of a list of ten issues Petitioner wished to raise on appeal. On November 1, 2018, before the court of appeals acted on Petitioner's filings, the Arizona Supreme Court denied the petition for review. (Doc. 25-1 at 208).

17
18
19
20
21

On December 7, 2018, the court of appeals granted the motion to amend the motion for reconsideration but then denied the motion for reconsideration itself. (Doc. 25-1 at 200). Petitioner did not seek review by the Arizona Supreme Court. After the conclusion of his direct review proceedings Petitioner did not pursue post-conviction relief in the trial court.[1]

22
23
24

In April 2019, Petitioner filed his federal petition for writ of habeas corpus. Petitioner then filed several "supplements." The Court interpreted Petitioner's numerous filings as raising five claims related to his convictions:

25
26

1. Violation of Petitioner's due process and equal protection rights because the

27
28

[1] There were some filings related to a premature post-conviction petition but that premature petition was dismissed. On December 10, 2018, the superior court granted Petitioner's request to dismiss the counsel that had been appointed to handle his post-conviction relief petition. (Doc. 25-1 at 147). Petitioner was allowed to proceed pro se but Petitioner never filed a petition for post-conviction relief.

- 3 -

indictment was based on hearsay and perjured testimony.

2.  Violation of Petitioner's due process and equal protection rights because the state concealed impeachment and exculpatory evidence.

3.  Violation by policer officers and prosecutors of Petitioner's due process rights, equal protection rights, privacy rights, and the right to be protected from unreasonable searches and seizures.

4.  Violation of Petitioner's due process, equal protection, and Confrontation Clause rights by prosecutorial misconduct.

5.  Violation of Petitioner's right to effective assistance of trial and appellate counsel.

(Doc. 9 at 2).  Respondents answered the petition and asserted all five of Petitioner's claims were procedurally defaulted without excuse.  (Doc. 25).  Respondents pointed out that Petitioner had not raised any claims in his direct appeal nor did he raise any claims in a post-conviction relief proceeding.  Therefore, Respondents argued the federal petition should be denied on procedural grounds.

On March 6, 2019, the Magistrate Judge issued a Report and Recommendation concluding all of Petitioner's claims were procedurally defaulted without excuse. Petitioner filed objections as well as a documented titled "Motion for Relief" and, a few weeks later, a different document also titled "Motion for Relief."  (Doc. 32, 35).  Those latter two documents appear to contain additional objections.  Viewing all of his objection-related documents together, it appears Petitioner's main objection is that he *did* present "four of [his] five claims" to the state court of appeals as "evidenced in his motion for reconsideration." (Doc. 31 at 10).  The motion for reconsideration Petitioner is referencing was filed in September 2018, a month after the Arizona Court of Appeals affirmed his convictions.  (Doc. 25-1 at 158).  Petitioner also argues that he presented some claims in the petition for review he filed with the Arizona Supreme Court.  (Doc. 35 at 4).  Finally, Petitioner argues even if he did not exhaust his claims in state court, that failure should be excused.

**ANALYSIS**

To properly exhaust his claims, Petitioner was required to present those claims to the Arizona courts in a procedurally proper manner. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies . . . ."). Under Arizona law, claims that must be raised in a direct appeal must be raised in the opening brief. Failure to do so means those claims are waived. *State v. Guytan*, 968 P.2d 587, 593 (Ariz. Ct. App. 1998). By submitting a brief that did not raise *any* claims, Petitioner effectively waived all claims that should have been raised on direct appeal. Petitioner argues he raised his claims by listing them in connection with his motion for reconsideration filed after the court of appeals affirmed his convictions. But Petitioner cites no authority that Arizona law allowed him to wait until after the resolution of his appeal to raise claims in a motion for reconsideration. Petitioner also argues the brief he attached to the petition for review he filed with the Arizona Supreme Court should have been sufficient to raise his claims. But there is no indication that brief was filed with the Arizona Court of Appeals and, in fact, the court of appeals' decision states no such brief was filed. It is undisputed that it is now too late for Petitioner to raise any claims in state court. Therefore, all claims that should have been raised in Petitioner's direct appeal are procedurally defaulted.

Petitioner's federal petition asserts a claim for ineffective assistance of trial and appellate counsel. Arizona law did not require that claim be raised on direct appeal. *State v. Spreitz*, 39 P.3d 525, 527 (Ariz. 2002) (holding ineffective assistance of counsel claim should not be raised on direct appeal). But Arizona law did require Petitioner raise that claim in a state post-conviction relief petition. *Id.* Petitioner never filed such a petition and it is too late to do so now. Therefore, this claim is also procedurally defaulted.

Because Petitioner did not raise his claims in a procedurally proper manner in state court, he cannot pursue them here unless he "can show either cause and prejudice or a fundamental miscarriage of justice." *Clark v. Chappell*, 936 F.3d 944, 982 (9th Cir. 2019). On the "cause" aspect of the "cause and prejudice" inquiry, Petitioner "must show that

some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).  Thus, Petitioner must point to the circumstances that prevented him from filing a brief during his direct appeal or a petition for post-conviction relief after the direct appeal ended.  Petitioner appears to argue the Arizona Court of Appeals prevented him from filing a supplemental brief on his direct appeal but that is not accurate.

The Arizona Court of Appeals informed Petitioner on February 8, 2018, that he needed to file a supplemental brief no later than March 20, 2018.  That deadline was later extended to March 30, 2018.  Thus, Petitioner had approximately six weeks to file a supplemental brief.  Instead of filing such a brief, Petitioner filed a variety of other motions, mostly complaining about his counsel.  Petitioner has never explained why he was unable to file a supplemental brief in the time he was allotted.  The Arizona Court of Appeals did not prevent Petitioner from raising his claims on direct appeal.

Petitioner also argues he was unable to file a petition for post-conviction relief in state court because there was some confusion about when the Arizona Court of Appeals issued the mandate in his direct appeal.  The Court cannot determine how the uncertainty regarding the issuance of the mandate prevented Petitioner from filing a petition in state court.

Petitioner has not identified any sufficient "cause" to justify his failure to comply with Arizona's procedural rules.  Therefore, Petitioner cannot rely on the "cause and prejudice" exception that would allow this Court to reach the merits of his claims.

Petitioner also invokes the "fundamental miscarriage of justice" exception but does not provide any convincing argument related to this exception.  (Doc. 31 at 13).  This exception requires Petitioner make "a showing of actual innocence." *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015).  Attempting to do so, Petitioner cites additional cross-examination topics he believes his counsel should have explored at trial.  Merely identifying additional cross-examination, however, falls well short of the required showing to establish actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 321 (1995) (holding

"fundamental miscarriage of justice" exception is "rare" and requires an "extraordinary case").

Finally, pursuant 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Looking to the underlying merits of Petitioner's claims, he would not be entitled to relief even if he had exhausted his claims. In brief, the alleged errors in the indictment process either are not cognizable on federal habeas or, if cognizable, cannot support relief. *See Glazier v. Cate*, No. CV 12-5692-JFW PLA, 2014 WL 6769619, at *10 (C.D. Cal. Dec. 1, 2014) ("[E]rrors that occur at a state grand jury proceeding do not deprive a defendant of a federally protected right and are not cognizable on habeas review."); *Atwood v. Schriro*, 489 F. Supp. 2d 982, 1034 (D. Ariz. 2007) ("Because the jury ultimately convicted Petitioner of both charged offenses, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt."). Petitioner has not identified the material evidence the state failed to disclose that, if disclosed, would have created a reasonable probability of a different result. *See Runningeagle v. Ryan*, 686 F.3d 758, 769 (9th Cir. 2012) (outlining elements of *Brady* claim). Petitioner has not established any violation of his equal protection or due process rights by police officers or prosecutors. And Petitioner has not identified how his trial or appellate counsel performed below the mandated levels and that he suffered prejudice as a result.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 30) is **ADOPTED IN FULL**. The petition for writ of habeas corpus (Doc. 5) is **DENIED**.

**IT IS FURTHER ORDERED** the Motions for Relief (Doc. 32, 35) are **DENIED**.

…

…

…

…

- 7 -

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because the petition does not make a substantial showing of the denial of a constitutional right.

Dated this 17th day of April, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge